In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00041-CR
_____

BEULAH JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Cause No. 296066**

**MEMORANDUM OPINION**

We withdraw our opinion of November 4, 2015, and substitute this opinion in its place. Beulah Johnson pleaded guilty to misdemeanor theft, and the trial court sentenced Johnson to 180 days in jail. Johnson appealed, contending that her prosecution was statutorily barred and her right to counsel was violated. *Johnson v. State*, No. 09-13-00041-CR, 2014 WL 1857694, at *1 (Tex. App.—Beaumont May 7, 2014), *vacated*, *Johnson v. State*, No. PD-0748-14, 2015 WL 1954102, at *1 (Tex. Crim. App. Apr. 29, 2015) (not designated for publication). This Court

1

overruled Johnson's contention that her right to counsel had been violated, but found that Johnson's prosecution was barred by the applicable statute of limitations because the information did not contain tolling language. *Id*. Upon appeal by the State from our judgment, the Court of Criminal Appeals noted that this Court had issued its opinion without the benefit of *Ex parte Heilman*, 456 S.W.3d 159 (Tex. Crim. App. 2015), vacated our judgment, and remanded the cause for this Court "to consider the effect of *Heilman*, if any, on [our] reasoning and analysis in this case." *Johnson*, 2015 WL 1954102, at *1. We now undertake to do so.

## *EX PARTE HEILMAN*

In *Heilman*, the defendant pleaded guilty to misdemeanor tampering with a governmental record after the applicable two-year statute of limitations had expired. *Heilman*, 456 S.W.3d at 160. Heilman signed a written waiver that stated, "I hereby waive all statute of limitations[,]" [sic] and he also signed a deferred adjudication order that stated, "DEFENSE WAIVES STATUTE [OF] LIMITATIONS[.]" *Id*. at 161. "In return for Heilman's plea, the State agreed not to pursue indictment for state-jail felony tampering with a governmental record." *Id*. at 160. Heilman subsequently filed an application for writ of habeas corpus, in which he argued that his statute of limitations defense was a category-one absolute right. *Id*. at 160-61. The habeas court granted relief, and this Court affirmed the

2

habeas court's decision. *Id*. at 161. The Court of Criminal Appeals held that "the right at issue is a category-three forfeitable right[.]" *Id*. at 161. In so holding, the Court of Criminal Appeals noted:

> [i]t would be easy to misinterpret a statute-of-limitations defense as a uniquely fundamental right, given that when it is properly raised, it leads to only one result: dismissal. But its true nature -- a mere legislative "act of grace" -- is modest, especially when compared to weightier, constitutionally based rights that we have nonetheless deemed forfeitable.

*Id*. at 166.

## APPLICATION OF *HEILMAN*

An information or indictment for a Class B misdemeanor may be presented within two years from the date of the commission of the offense, but not afterward. Tex. Code Crim. Proc. Ann. art. 12.02(a) (West 2015). In this case, the information was presented on January 9, 2013, more than two years after the theft was committed. As we noted in our previous opinion, the record suggests that the original felony charge of forgery against Johnson was dismissed, followed by a new charge for misdemeanor theft. *Johnson*, 2014 WL 1857694, at *1. The plea admonishments signed by Johnson contain the following language: "I give up all rights given to me by law, whether of form, substance[,] or procedure." In this case, as in *Heilman*, Johnson received a benefit from pleading guilty to a misdemeanor offense. *See Heilman*, 456 S.W.3d at 160, 168. Johnson had every

3

right to waive her limitations defense as part of her plea agreement, and we hold that she did so by signing the written plea admonishments which included a waiver of "all rights given . . . by law, whether of form, substance[,] or procedure." *See id.* at 169. Accordingly, because Johnson waived her statute of limitations defense as part of her plea bargain agreement, we affirm the trial court's judgment of conviction.[1]

     AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 28, 2015
Opinion Delivered November 5, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[1]The portion of our previous opinion which overruled Johnson's issue regarding an alleged violation of her right to counsel is unaffected by either the Court of Criminal Appeals's opinion or this opinion.